J. L. GRANT, t/a GRANT ELECTRIC COMPANY v. WALTER ARTIS AND HIS WIFE, GENEVA ARTIS.

(Filed 19 October, 1960.)

**1. Laborers' and Materialmen's Liens § 2—**

Plaintiff's evidence in this case is held sufficient to permit the inference that the contract for the furnishing and installation of electrical equipment in the dwelling owned by the defendants by the entireties, was made and entered into by and between plaintiff and both of the defendants.

**2. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence is to be taken as true and

considered in the light most favorable to him, giving him the benefit of every reasonable intendment upon the evidence and every legitimate inference deducible therefrom.

**3. Trial § 49—**

A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the sound discretion of the trial court, and its ruling thereon is not reviewable on appeal in the absence of manifest abuse of discretion.

APPEAL by *feme* defendant Geneva Artis from *Frizzelle, J.,* March Civil Term, 1960, of WAYNE.

Action to recover the contract price of $282.46 for the furnishing and installation of certain electrical equipment in a dwelling house owned by the defendants, husband and wife, by the entireties, under an alleged contract between plaintiff and the defendants, and to enforce thereon a laborers' and materialmen's lien.

The following issues were submitted to the jury, and answered as appears:

"1. Did the plaintiff contract with both of the defendants as alleged in the complaint?

Answer: Yes.

"2. If not, did the plaintiff contract with the male defendant, Walter Artis?

Answer: . . . .

"3. What amount, if any, is the plaintiff entitled to recover in this matter?

Answer: $282.46."

From a judgment that plaintiff recover from the defendants, jointly and severally, the sum of $282.46, with interest, and declaring the judgment to be a lien for labor and material upon the property described in the complaint, the *feme* defendant Geneva Artis appeals.

*Braswell & Strickland for appellant, Geneva Artis.*
*No Counsel for appellee.*

PER CURIAM. The male defendant Walter Artis, individually, does not deny owing the amount plaintiff sues for. The *feme* defendant Geneva Artis contends that she and her husband made no contract with plaintiff, that the contract was entered into between plaintiff and her husband, and assigns as error the overruling of her motion for judgment of involuntary nonsuit renewed at the close of all the evidence. Accepting plaintiff's evidence as true, and considering his evidence in the light most favorable to him, and giving to him the

benefit of every reasonable intendment upon the evidence and every legitimate inference to be drawn therefrom, as we are required to do in passing on the *feme* defendant's motion for judgment of involuntary nonsuit, (*Smith v. Rawlins*, 253 N.C. 67, ...... S.E. 2d ......), it permits the reasonable inference that the contract for the furnishing and installation of the electrical equipment in the dwelling house owned by the defendants by the entireties was made and entered into by and between plaintiff and both of the defendants. The lower court properly overruled the *feme* defendant's motion for judgment of involuntary nonsuit renewed at the close of all the evidence.

There is no exception to the evidence. The *feme* defendant has one assignment of error to the charge. This is without merit, and is overruled.

The *feme* defendant assigns as error the refusal of the trial court to set aside the verdict, as being against the greater weight of the evidence, and contrary to law. *Feme* defendant's motion to set aside the verdict as being contrary to the greater weight of the evidence was addressed to the sound discretion of the court, *Wynne v. Allen*, 245 N.C. 421, 96 S.E. 2d 422, whose ruling, in the absence of manifest abuse of discretion is not reviewable on appeal, *Frye & Sons, Inc. v. Francis*, 242 N.C. 107, 86 S.E. 2d 790. No such abuse of discretion is shown. There is no merit in the contention that the verdict is contrary to law. This assignment of error is overruled.

The other assignment of error is formal. In the trial below we find

No error.