THELMA VANCE v. REV. T. R. HAMPTON, MARSHALL HALL, CHAIRMAN OF THE BOARD OF DEACONS; ALBERT HERNDON, MANUEL LOWERY, AND GLENN WELLS, MEMBERS OF THE BOARD OF DEACONS; AND WILLIE HINTON, CHAIRMAN OF THE BOARD OF TRUSTEES OF MOUNT CALVARY BAPTIST CHURCH OF GASTONIA, NORTH CAROLINA; AND EXCELSIOR CREDIT UNION.

(Filed 21 March, 1962.)

**1. Appeal and Error § 19—**

    Where no exception appears in the entire case on appeal, appellants' assignments of error are ineffectual.

**2. Appeal and Error § 21—**

A sole exception to the judgment presents only the question whether error of law appears upon the face of the record, and in the absence of error of law so appearing, the order or judgment must be affirmed.

**3. Injunctions § 13—**

Where a temporary restraining order is dissolved upon the hearing to show cause but the action is not dismissed, the findings of fact or recitals in the order, relating solely to whether the temporary order should be continued or dismissed, are not binding upon the trial on the merits if the parties thereafter file pleadings which raise issues of fact.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Walker, Special Judge,* August Civil Term 1961 of GASTON.

On May 26, 1961, when summons was issued, Judge Froneberger signed an *ex parte* order providing: ". . . IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant Excelsior Credit Union be temporarily restrained from paying out any portion of the Building Fund deposited in the name of Mt. Calvary Baptist Church; and that the other defendants herein be temporarily restrained from exercising the option to purchase the site on North Marietta Street, from calling further congregational meetings, and from taking any action to expel your affiant and Samuel Lowery from office in said church until a final determination of this action." The defendants were ordered to appear before Judge Farthing at time and place specified and "show cause why the restraining order should not be made permanent until such time *as a suit* can be properly adjudicated." (Our italics) The said order was based on the "AFFIDAVIT OF PLAINTIFF," in which the "affiant" prayed that "a temporary restraining order be issued" containing the provisions set forth in said order.

Immediately after said order and said "AFFIDAVIT OF PLAINTIFF," there appears in the record a consent order dated June 16, 1961. This consent order, signed by Judge Farthing and bearing the consent of counsel for plaintiff and for defendants, recites "that the plaintiff and defendants have settled, agreed and compromised *certain* of the matters and things at issue and in controversy between them and have consented to the entry of the following order." (Our italics) The consent order of June 16, 1961, in pertinent part, provides:

"NOW, THEREFORE, IT IS, BY CONSENT, ORDERED:

"1. That the temporary restraining order dated May 26, 1961, signed by P. C. Froneberger, Resident Judge of the 27th Judicial District, be dissolved.

"2. That a congregational meeting to determine whether or

not an option for the purchase from John L. Farris of certain real-ty on North Marietta Street, or any other option for the purchase of realty, should be exercised be called within a period of not in excess of thirty (30) days from the date of this order.

"3. That such congregational meeting be presided over by Rev. J. H. Acker, Pastor of St. Paul's Baptist Church of Gastonia, North Carolina.

"4. That written notice of such congregational meeting be mail-ed to every member of Mount Calvary Baptist Church at least seven (7) days before the date of such meeting by the Rev. J. H. Acker, as presiding officer, and in addition verbal notice of such meeting be given from the pulpit of the Mount Calvary Baptist Church seven (7) days or more before such congregational meet-ing.

"5. That such congregational meeting be governed by the rules of parliamentary procedure heretofore adopted by the congre-gation of Mount Calvary Baptist Church.

"6. That the plaintiff be not required to file a complaint in this action until further order of this Court."

Immediately after said consent order, there appears in the record a report dated July 28, 1961, by J. H. Acker, stating that a meeting of the congregation of Mount Calvary Baptist Church, duly called and convened, was held July 18, 1961, at which time action was taken as set forth in the (attached) minutes of said meeting as taken by Mrs. Prince W. Ramseur, the Secretary. According to said minutes, a vote was taken on a motion, duly made and seconded, that "the Church purchase the property on North Marietta Street from John L. Farris"; that 222 persons were present, exclusive of children; that 146 voted in favor of the motion; that 50 voted against the motion; and that 26 did not vote.

In a motion filed July 29, 1961, plaintiff challenged the validity of the action taken at the meeting held July 18, 1961, on grounds set forth therein, and prayed:

(a) "That the action taken at the meeting on July 18, 1961, be declared null and void."

(b) "That a temporary restraining order be issued against the defendant Excelsior Credit Union from paying out any portion of the building fund."

(c) "That the Court order another congregational meeting to be held for the purpose of determining whether the said option should be exercised; that until such time the other defendants be

restrained from calling further congregational meetings or attempting to exercise the said option."

(d) "For such other and further relief as your movant may be entitled to in law and in equity by reason of the premises."

Upon the filing of plaintiff's said motion and based thereon, Judge Froneberger, on July 29, 1961, signed an *ex parte* order providing: ". . . it is hereby ordered, adjudged and decreed that the defendant Excelsior Credit Union be temporarily restrained from paying out any portion of the building fund deposited in the name of Mount Calvary Baptist Church; and that the other defendants herein be temporarily restrained from exercising the option to purchase the site on North Marietta Street and from calling further congregational meetings until further order of this Court." The defendants were ordered to appear at time and place specified and "show cause why the restraining order should not be made permanent until such a time *as a suit* can be properly adjudicated." (Our italics)

At the hearing on return of the order to show cause issued July 29, 1961, Judge Walker, based on said report of J. H. Acker and attached minutes of said meeting of July 18, 1961, entered an order dated August 15, 1961, providing: ". . . IT IS ORDERED, ADJUDGED AND DECREED that the Temporary Restraining Order dated the 29th day of July, 1961, be, and the same is hereby dissolved, both as against the Excelsior Credit Union with reference to the paying out of the Building Fund, and as to the officials of said Church with reference to the exercising of the option to purchase the North Marietta Street site."

The record contains this entry: "To the signing of the foregoing Order, the plaintiff excepts, and in open Court notes an appeal to the Supreme Court of North Carolina."

On appeal, plaintiff's assignments of error are as follows:

"1. For that the Court dissolved the temporary restraining order dated July 29, 1961, without hearing the motion filed by the plaintiff on July 29, 1961.

"2. For that the Court refused to permit plaintiff to introduce any evidence in support of his motion on the grounds that the written report of J. H. Acker, dated July 28, 1961, was binding and conclusive.

"3. For that the Court refused to examine any of the parties, any of the witnesses, or J. H. Acker and Prince W. Ramseur, presiding officer and Secretary, respectively, of the congregational meeting held on July 18, 1961."

*Garland & Eck and Robert L. Bradley for plaintiff appellant.*
*Mullen, Holland & Cooke for defendants appellees.*

PER CURIAM. An assignment of error not supported by an exception is ineffectual. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223. Here, no exception appears in the entire case on appeal. Hence, there is no basis for the assignments of error appellant attempts to set forth; and no question of law is presented to this Court for decision. *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926; *Tynes v. Davis,* 244 N.C. 528, 94 S.E. 2d 496. See Rules 19(3) and 21, Rules of Practice in the Supreme Court, 254 N.C. 783, *et seq.* Purported exceptions appearing nowhere except in the assignments of error will not be considered on appeal. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118.

The only question raised by an exception to the judgment is whether error of law appears upon the face of the record. *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271, and cases cited. Here, no error of law appears on the face of the record. Hence, Judge Walker's order of August 15, 1961, is affirmed.

It is noted that neither Judge Farthing's order of June 16, 1961, nor Judge Walker's order of August 15, 1961, dismisses the action. If plaintiff should file a complaint herein and defendants should answer, and an issue is raised by the pleadings as to the validity of the action taken at the meeting held July 18, 1961, the *findings of fact* or *recitals* in Judge Walker's order of August 15, 1961, relevant solely in determining whether *the temporary* restraining order of July 29, 1961, should be continued in effect or dissolved, will not be binding upon the parties at trial.

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.