CLARK EQUIPMENT COMPANY, Petitioner v. W. A. JOHNSON, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA, Respondent.

(Filed 31 January 1964.)

**1. Administrative Law § 4—**

An exception to the findings of an administrative agency is alone insufficient to present the question upon further appeal from the judgment of the Superior Court, but appellant must also except to the ruling of the Superior Court sustaining the findings made by the administrative agency.

**2. Appeal and Error § 22—**

An exception to the judgment does not present for review the facts found by the court or the sufficiency of evidence to support them.

**3. Appeal and Error § 19—**

An assignment of error must be supported by an exception.

**4. Administrative Law § 4; Taxation § 36—**

On appeal from the Tax Review Board the Superior Court is without authority to weigh the evidence and make its own findings, G.S. 143-315, but when there is no exception by the State to findings made by the court in favor of the taxpayer, the matter must be determined on appeal if possible on the basis of the facts found by the Board and the additional facts found by the Superior Court.

**4. Taxation § 28b—**

This State may tax income earned by a nonresident in this State, but may not tax income of such nonresident earned beyond its borders.

**5. Same—**

The format prescribed by G.S. 105-134(6) (a) for the allocation of that portion of the income of a foreign corporation which is taxable by this State is *prima facie* just, and the burden is upon the complaining taxpayer to establish by clear, cogent and convincing proof that the results are inequitable in order for differing and additional factors to be considered in ascertaining the income taxable by this State. G.S. 105-134(6) (g).

**6. Same—**

Findings by the Tax Review Board to the effect that plaintiff corporation was a unitary business so that its income taxable by this State should be computed in accordance with G.S. 105-134(6) (a) together with findings by the Superior Court that each division of the corporation operated separately and each was required to attain its operating success independent of the others, (there being evidence that the division which carried on business in North Carolina sustained a loss instead of a profit according to the books of the corporation) *held* contradictory, and the cause must be remanded.

APPEAL by plaintiff from *Phillips, J.,* May Non-Jury Civil Session, week of May 27, 1963, of WAKE.

Plaintiff, (Clark) a corporation organized under the laws of Michigan, does business in that and several other states, including North Carolina. It filed a North Carolina income tax return for the year 1959. This return showed a total net income subject to tax by the states in which it did business of $21,771,176.38. The income earned in North Carolina ascertained in the manner prescribed by G.S. 105-134, (6), (a), was $201,-949.43, resulting in a tax liability of $12,116.97.

Asserting the formula used required it to pay a tax on income not earned in North Carolina, it filed with the Tax Review Board as permitted by G.S. 105-134, (6), (g) a petition seeking permission to compute its tax liability on income earned in North Carolina as disclosed by its books kept as required by G.S. 105-134, (6), (g) (1). The Tax Review Board held a hearing. It found facts on which it concluded Clark

had failed to establish the allegations of its petition. It held Clark liable for the tax as shown on its return.

Clark appealed to the Superior Court as permitted by G.S. 143-309. The Superior Court remanded the proceeding to the Review Board because of the insufficiency of its findings. The Board heard additional evidence. Based on the evidence offered at the hearing, it reaffirmed its original findings and order. Clark then filed exceptions to the findings and to the failure to make requested findings, and to the order sustaining the tax. Based on these exceptions, Clark again appealed to the Superior Court. That court, after hearing the parties, overruled some of the exceptions and sustained others. It affirmed the decision of the Tax Review Board. Clark excepted and appealed.

*Poyner, Geraghty, Hartsfield & Townsend by N. A. Townsend, Jr., Thomas L. Norris, Jr., for petitioner appellant..*

*T. W. Bruton, Attorney General, Peyton B. Abbott, Deputy Attorney General for respondent appellee.*

RODMAN, J.  The findings made by the Tax Review Board (Board) are summarized, or quoted as follows: Clark manufactures and sells industrial equipment and machinery, including truck trailers and bodies. It operates its business through seven divisions, viz: (a) Automotive Division: It makes and sells axles, housings and transmissions for truck trailers and construction machinery. (b) Industrial Trucks: It makes and sells industrial haulage trucks and straddle carriers. (c) Construction Machinery: It produces and sells heavy construction machinery. (d) Central Parts: It provides parts to users of products made by automotive, industrial truck, and construction machinery divisions. (e) Special Products: It manufactures cabs and weldments for the construction machinery and industrial truck divisions. It also produces screw machinery products and operates an aluminum foundry. (f) Hydraulic Products: It makes and sells pumps, hydraulic motors and valves, and hydrostatic transmissions. (g) Brown Trailer: It manufactures and sells aluminum, composite and steel truck trailers, cargo van bodies, and shipping containers.

Clark has no factories in North Carolina. Its Brown Trailer Division maintains a sales office in North Carolina. No other division of Clark has an office in North Carolina. Each division has its own administrative, selling, and production organization. The division officers operate entirely within the division to which they are assigned and are completely independent of every other division, except the general manager of each division is a vice president of Clark and helps control its general

policy. Brown Trailer uses axles produced by the automotive division. Its purchases from Automotive Division amounted to $409,185.00 in 1959; $457,943.00 in 1960; $756,369.00 in 1961. These purchases represented 1.8 per cent, 1.9 per cent, and 3.1 per cent of the cost of goods produced by Brown in those years.

Consolidated accounting records of all of the divisions are maintained by Clark at its home office. There is also an accounting organization in the home office which combines the cost ledger summaries of the various divisions. General and administrative expenses are allocated among the several divisions by formula based primarily on sales.

Clark had a net income for the year 1959 of $21,771,176.38. Use of the basic formula allocated $201,949.43 of this income to North Carolina. But by Clark's "separate accounting" method the Brown Trailer Division showed a loss for 1959 of $2,090,303.00. "Nevertheless, the evidence reveals that the officers of Brown Trailer Division participated in a bonus based upon company-wide profits, indicating that each division was regarded as a part of a whole company-wide unitary activity." The several divisions are interrelated and engaged in the manufacture and sale of related lines, having common officers and management and operating under a common "corporate umbrella." Service parts are generally shipped to the various divisions from the company's central parts warehouse in Chicago.

"The Board specifically finds as a fact that the taxpayer is a single corporate unity and that all of its corporate activities, although carried on upon a divisional basis, are so allied and so interwoven as to constitute the entire business of a corporation unitary and not multiform. The taxpayer, having the burden thereto, has failed to overcome by evidence which is 'clear, cogent and convincing,' the statutory presumption 'that the appropriate allocation formula reasonably attributes to this State the portion of the corporation's income earnings in the State.'"

On its appeal to the Superior Court, Clark filed exceptions to specific findings made by the Board. It also excepted to the Board's failure to find facts requested by it. The Court overruled each of Clark's exceptions to the facts as found by the Board but held the Board was in error in failing to find additional facts requested by Clark.

Appellant did not except to rulings of the Superior Court sustaining findings made by the Review Board. If one wishes to have this Court review an affirmance by the Superior Court of findings by a referee or administrative agency, it is necessary to specifically except to the court's ruling with respect to the fact he wishes to challenge. *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486. This may be done in the time and manner prescribed by G.S. 1-186.

An exception to a judgment does not present for review the facts found by the court or the sufficiency of the evidence to support the findings. *Ins. Co. v. Trucking Co.,* 256 N.C. 721, 125 S.E. 2d 25. An assignment of error is not a substitute for an exception. *Vance v. Hampton,* 256 N.C. 557, 124 S.E. 2d 527; *Cratch v. Taylor,* 256 N.C. 462, 124 S.E. 2d 124.

The question for decision cannot, however, be determined solely on the facts found by the Board and approved by the Superior Court. It, at the instance of appellant, has found additional facts. These additional findings were facts which the Board had, although requested, refused to make. The Court, in making these findings, weighed the evidence and substituted its evaluation of the evidence for that of the Board. In so doing, it exceeded its right of review. G.S. 143-315. But the State has not excepted to the action of the Superior Court in making the additional findings requested by appellant. We must, therefore, decide the case, if we can, on the facts found by the Board and the additional facts found by the Superior Court without objection by the State. Clark requested, and the Board refused, and the Superior Court held that the Review Board was in error in not finding, "It is the policy of the general management of Clark that each division of the company must attain its operating success independent of any other business venture of the company. Consistent with this policy the operations of Clark are conducted in such manner that the separate identity of each division is maintained *and the operating results of each division are separately reflected."* (emphasis added).

Additionally, Clark requested, and the Board refused to find, that the only items used by Brown and manufactured by the other divisions are axles, but that Brown buys and uses items not made by the plaintiff. This finding in effect made by the Superior Court is seemingly contrary to the finding made by the Board. It is a fair inference from findings made by the Board that Brown Trailer Division buys aluminum and other parts from Special Products Division and also buys from Central Parts Division.

Clark requested, and the Board refused to find, that Brown Trailer had in 1959 sales of $22,988,956.00; that the cost of producing these goods was $22,819,054.00, leaving a gross profit of $707,902.00. The cost of selling these goods was $2,156,719.00. This cost deducted from the gross profit caused a loss of $1,457,817.00 to which should be added Brown's contribution to general and administrative expense in the sum of $665,-142.00, thereby creating a loss from Brown Trailer Division of $2,122,-959.00. Minor book adjustments reduced this loss to $2,090,303.00. Allocating this loss to North Carolina on the basis of the formula contended

for by the State would attribute to North Carolina a loss of $111,540.66 instead of a profit claimed by the State of $201,949.43.

A State may tax income earned there by a nonresident. It may not tax income of the nonresident earned beyond its borders. This rule, easy to state, is not always easy to apply. Corporations frequently engage in business in all States of the Union. Clark, according to its record, earns income subject to tax in 15 States and the District of Columbia. The wide scope of corporate operations makes necessary some formula for use in allocating to the States in which the corporation operates a proper proportion of income earned. North Carolina uses a formula in which the property, sales and payrolls in this State is the enumerator; and all of the properties, payrolls and sales of the corporation are the denominator. The fraction so obtained is the fractional part of the total income attributable to operations in the State. G.S. 105-134, (6), (a). *Prima facie* this formula will for corporations engaged in manufacturing and selling, produce a fair result. Mathematical accuracy is not required. All that is necessary is a fair apportionment. *Power Co. v. Currie*, 254 N.C. 17, 118 S.E. 2d 155. If the formula composed of property, sales and payrolls produces an unjust result, differing and additional factors may be added. G.S. 105-134(6) (g).

The burden is on the complaining taxpayer to establish by evidence, clear, cogent and convincing, the inequitable result. When that is established the Board may, in cases where the corporation keeps its books in such manner as to establish the income earned here, "use the company's separate bookkeeping and accounting system to ascertain that portion of the income earned in North Carolina."

The Board found in effect that the system of accounting kept by Clark and Brown Trailer Division did not furnish a better system of ascertaining the part of Clark's income obtained in North Carolina than the basic formula. It concluded that while each division had certain work to perform it was the unified effort of all of the divisions and not the effort of any single division, or several divisions, which produced the net income in excess of $21,000,000.00.

The finding by the Superior Court that Clark's books did in fact show what portion of the total net income was attributable to each division is in contradiction of the findings made by the Tax Review Board. This conflict in the findings makes it impossible to reach a conclusion with respect to the question presented for decision, namely: Does the assessment require Clark to pay a tax on income not in fact earned in this State? It follows that the judgment affirming the order of the Review Board is erroneous. The cause is remanded to the Superior Court for proceedings not inconsistent with this opinion. It may, if it deems proper to

do so, upon the application of the parties, remand the case to the Tax Review Board for further and more specific findings of fact.

Error and remanded.