STATE OF NORTH CAROLINA v. TONEO SMITH

No. 7412SC205

(Filed 1 May 1974)

**Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis**

Where the evidence is clear and convincing that an in-court identification of defendant originated with observation of the defendant at the time of the robbery and was not tainted by a subsequent police station showup, failure of the trial court to conduct a *voir dire* must be deemed harmless error; therefore, the trial court's failure to conduct a *voir dire* in this case was not prejudicial where the evidence tended to show that the robbery took place in daylight and that the victim observed defendant as defendant stood within two feet of him.

APPEAL by defendant from *Canaday, Judge,* 15 October 1973 Session of Superior Court held in CUMBERLAND County.

This is a criminal action wherein the defendant was charged in a bill of indictment, proper in form, with armed robbery. Upon arraignment, the defendant entered a plea of not guilty. The State offered evidence which tended to establish the following.

On 11 June 1973 at approximately 6:30 p.m. James Lester Britt, a trusty in the Fayetteville jail, was given permission to

leave the jail for the purpose of purchasing paper, envelopes, and stamps. After purchasing these items the trusty started to return to the jail when he was approached by three men. Britt then testified as to the following events:

> "Two of them grabbed me. They held me at knife point. I seen two knives. One was right at my neck. * * * The tall one had my arm up and he had the knife around my neck. Toneo Smith was present when this happened; he was standing in front of me. Another person was standing on my right side. That is when they started robbing me. The man on the left cut this pocket and tore it off; tore it clear off and just left it hanging there. He also got my billfold . . . . The defendant was standing in front of me at that time. The same time that the man was going through my back pocket and getting my billfold, the defendant was going through my front pocket."

After completion of the robbery, the victim immediately notified the police. Shortly thereafter, a police officer observed three males running in a westerly direction from the scene of the crime and the officer pursued them. The officer, after a brief chase, was able to apprehend the defendant.

From a jury verdict of guilty and a judgment thereon imposing a sentence of not less than five years nor more than seven years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General James L. Blackburn for the State.*

*Cherry and Grimes by Donald W. Grimes for defendant appellant.*

HEDRICK, Judge.

By his first assignment of error the defendant contends that the trial court erred in denying his motion for a voir dire hearing as to the legality of the prosecuting witness' in-court identification of the defendant. Although the better practice dictates "that the trial judge, even upon a general objection only, should conduct a voir dire in the absence of the jury, find facts, and thereupon determine the admissibility of in-court identification testimony . . . [f]ailure to conduct the voir dire . . . does not necessarily render such evidence incompetent." *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1971).

In the instant case the evidence discloses that during the robbery, which took place in daylight, the prosecuting witness was within two feet of the defendant. The witness testified, "I didn't have any difficulty seeing Smith. He was in front of me." Other testimony reveals that the prosecuting witness did observe the defendant in the booking room of the Fayetteville Police Department approximately fifteen minutes after the robbery; however, where as here, the evidence is clear and convincing that the in-court identification of the defendant originated with observation of the defendant at the time of the robbery and was not tainted by the subsequent police station showup, the failure to conduct a voir dire must be deemed harmless error. *State v. Stepney, supra.*

Defendant's second assignment of error challenges the failure of the trial court to grant his motion to set aside the verdict as being against the weight of the evidence. Such a motion is addressed to the sound discretion of the trial judge; and, there having been no showing of a manifest abuse of this discretion, the ruling of the trial court denying the defendant's motion is not reviewable on this appeal. *State v. Massey*, 273 N.C. 721, 161 S.E. 2d 103 (1968); *Grant v. Artis*, 253 N.C. 226, 116 S.E. 2d 383 (1960).

Defendant was afforded a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.