IN THE MATTER OF THE APPEAL OF SEASHELL COMPANY FROM THE FINDINGS OF FACT AND CONCLUSIONS OF LAW OF THE NORTH CAROLINA REVIEW BOARD FOR DREDGE AND FILL APPLICATIONS

No. 753SC17

(Filed 16 April 1975)

**Waters and Watercourses § 7— dredge permit — effect on marine fisheries**

Application for a permit to dredge a boat basin and canal on Bogue Banks is remanded for a new hearing where the superior court did not rule on the Review Board's conclusion that the applicant had "failed to carry the burden of proving that there will not be significant adverse effects on wildlife and marine and estuarine fisheries." G.S. 113-229 (e) and (g) (5).

APPEAL by the State from *Martin (Perry), Judge.* Judgment entered 8 November 1974 in Superior Court, CARTERET County. Heard in the Court of Appeals 17 March 1975.

On 27 July 1973 petitioner Seashell Company submitted to the Department of Conservation and Development an application for a permit to dredge a boat basin and canal on Bogue Banks in Carteret County. The Department denied the application and, pursuant to G.S. 113-229 (f) as it was written in 1973, Seashell requested a hearing before the Review Board for Dredge and Fill Applications. Evidence was offered at the hearing and the Review Board affirmed the Department's decision to deny the permit.

Seashell petitioned for judicial review pursuant to G.S. 113-229 (f) and G.S. 143-309. The Superior Court considered the entire record and reversed the Board's decision, holding

"that the conclusion of law of the Review Board that the dredge and fill project proposed by the Petitioner will have a significant adverse effect on wildlife and estuarine and marine fisheries is unsupported by competent, material and substantial evidence; and that the Review Board was required by the mandatory provisions of Sec. 113-229 (e) of the General Statutes of North Carolina to grant the permit applied for by Seashell Company."

The court ordered the Department to issue Seashell a dredging permit. The State appealed to this Court.

In re Appeal of Seashell Co.

*Attorney General Edmisten, by Associate Attorney W. A. Raney, Jr., for respondent appellant.*

*Smith, Anderson, Blount & Mitchell, by James D. Blount, Jr., Henry A. Mitchell, Jr., and Michael E. Weddington, for petititioner appellee.*

ARNOLD, Judge.

The question presented by this appeal is whether the trial court erred in concluding as a matter of law that the Review Board was required to issue Seashell a dredge and fill permit. The statute under which the proceeding was conducted provides that the "Department may deny an application for a dredge or fill permit upon finding: . . . (5) that there will be significant adverse effect on wildlife, or fresh water, estuarine or marine fisheries." G.S. 113-229 (e). Otherwise, the permit "shall be granted." *Id.* The statute further provides that the "burden of proof at any hearing shall be upon the person or agency . . . at whose instance the hearing is being held." G.S. 113-229 (g) (5).

The trial court did not rule on the Review Board's conclusion that petitioner Seashell had "failed to carry the burden of proving that there will not be significant adverse effects on wildlife and marine and estuarine fisheries." Since the record on appeal contains no narrative statement or transcript of the evidence offered before the Board, its conclusion is presumed to be correct. *See Electric Membership Corp. v. Alexander,* 282 N.C. 402, 192 S.E. 2d 811 (1972) ; *Equipment Company v. Johnson, Comr. of Revenue,* 261 N.C. 269, 134 S.E. 2d 327 (1964). The order of the trial court therefore must be vacated and the cause remanded for a new hearing on the record as a whole.

Vacated and remanded.

Chief Judge BROCK and Judge PARKER concur.