State v. Clark

STATE OF NORTH CAROLINA v. HENRY LEE CLARK

No. 7515SC718

(Filed 18 February 1976)

1. Criminal Law § 66— pretrial photographic identification — failure to conduct voir dire — admissibility of evidence

Defendant was not prejudiced by the trial court's failure to hold a *voir dire* on the pretrial photographic identification of defendant by the prosecutrix, since there was no evidence that the photographic identification was impermissibly suggestive and conducive to irreparable mistaken identity and it was obvious that the prosecutrix' in-court identification was based on her observations during the crime.

2. Criminal Law § 86— prior misconduct of defendant — evidence admissible to impeach character

The trial court in a second degree rape prosecution did not err in allowing the State to cross-examine defendant as to whether or

not he had ever issued worthless checks, since it is proper for the State to ask defendant on cross-examination questions regarding prior acts of misconduct in order to impeach his character.

**3. Rape § 6— elements of rape — definition — jury instructions**
>   The trial court adequately defined the elements of the charge of rape.

APPEAL by defendant from *Browning, Judge*. Judgment entered 22 May 1975 in Superior Court, CHATHAM County. Heard in the Court of Appeals 14 January 1976.

Defendant entered a plea of not guilty to an indictment charging him with the rape of Phyllis Kincy. Prior to trial the State announced that it would proceed on a charge no greater than second degree rape.

Evidence for the State, in substance, showed the following:

On the night of 1 September 1974, Phyllis Kincy was walking from church to her home about two blocks away. Defendant pulled his car alongside and asked her if she wanted a ride. She refused to ride and defendant stopped and forced her into his car by what she recognized as a pistol, and by threatening to blow her brains out. Defendant drove Kincy to a secluded area and forced her into a trailer where he severely beat her, disrobed her and forcibly had sexual intercourse with her. Kincy finally was able to escape and notify the police. She denied giving defendant consent and illustrated her condition with photographs taken of her at the sheriff's office on the night of the attack. Kincy did not know defendant personally, but had seen him many times near her mother's home.

Defendant offered evidence of alibi and denied ever having seen her before seeing her at the trial.

Defendant appealed to this Court from a judgment imposing a prison sentence.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Dark and Edwards, by L. T. Dark, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] We see no merit in defendant's argument that the court erred in failing to hold a voir dire on the pretrial photographic identification of defendant by the prosecutrix.

State v. Clark

Testimony objected to was by Deputy Whitt who testified that some six months after the offense he showed Mrs. Kincy six black and white photographs and asked her to select her assailant if his photograph were present. She immediately picked out defendant's photograph. The six pictures were exhibited to the jury for their inspection.

There is no evidence that the photographic identification was impermissibly suggestive and conducive to irreparable mistaken identity. Moreover, it is obvious that Mrs. Kincy's in-court identification was based on her observations during the crime.

The evidence disclosed that Mrs. Kincy recognized defendant before he forced her into his car. She testified that defendant lived near her mother and she had seen him many times, and that she could see defendant in the light of the street lights. Also, after she was forced into the car she stated that she paid close attention to him so that she would "know what to tell the policeman." The car passed through several stoplights and traveled on streets with street lights.

Mrs. Kincy further testified that she was with defendant for several hours, and that he had intercourse with her several times before her escape. Although it was dark inside the trailer lightning was flashing and she described the inside of the trailer in detail.

We recognize that it is the better practice for the trial judge, even upon a general objection, to conduct a voir dire in the absence of the jury, make findings of fact, and thereupon determine the admissibility of the pretrial identification testimony. *State v. Knight,* 282 N.C. 220, 192 S.E. 2d 283 (1972) ; *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970) ; *State v. Hubbard,* 19 N.C. App. 431, 199 S.E. 2d 146 (1973). Nevertheless, the trial court's failure to conduct a voir dire in the instant case must be considered harmless error. The evidence is clear that the in-court identification of the defendant by the prosecutrix was based upon her observations of the defendant during the perpetration of the offense. *State v. Stepney, supra; State v. Smith,* 21 N.C. App. 426, 204 S.E. 2d 693 (1974).

[2] Defendant next contends that the trial court erred by allowing the State to cross-examine the defendant as to whether

or not he had ever issued worthless checks. We disagree. It is proper for the State, on cross-examination, to ask the defendant questions regarding prior acts of misconduct in order to impeach his character. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972) ; *State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785 (1968).

[3] Finally defendant argues that the trial court erred in its instructions to the jury by inadequately defining the elements of the charge of rape. Defendant asserts that the charge failed to state that the use of force in the commission of the act is necessary in order that the defendant be convicted of rape.

The trial judge stated emphatically: "I charge that for you to find the defendant guilty of second degree rape, the State of North Carolina must prove three things beyond a reasonable doubt:

First, that the defendant had sexual intercourse with Phyllis Kincy.

Second, *that the defendant used or threatened to use force sufficient to overcome any resistance that she might make.*

Third, that Phyllis Kincy did not consent and it was against her will." [Emphasis added.]

The elements of second degree rape were adequately defined in the charge to the jury. Defendant has not shown any prejudicial error.

No error.

Judges PARKER and HEDRICK concur.