STATE OF NORTH CAROLINA v. JULIO J. HERENCIA, JR.

No. 7512SC801

(Filed 18 February 1976)

Criminal Law § 66— in-court identification of defendant — failure to conduct voir dire — no prejudice

Defendant was not prejudiced by the trial court's denial of his request for a *voir dire* on the in-court identification of defendant by his armed robbery victim where the evidence tended to show that the

State v. Herencia

in-court identification was based on the victim's observation at the crime scene and was not tainted by a chance meeting between defendant and the victim after commission of the crime.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 25 June 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 January 1976.

Defendant was tried on an indictment charging armed robbery. The State's first witness, Cindy Charboneau, testified that she, the defendant, and another male companion went to the Yancys' mobile home on March 2, 1975, at about 4:00 a.m., with the intent to rob the premises. Miss Charboneau stated that she knocked on the door and asked David Yancy if she could purchase an ounce of marijuana. When Yancy opened the door the defendant forced his way in. The defendant was armed and wore a mask. The Yancys were threatened and robbed of their valuables.

The Yancys testified that they recognized defendant as the man who threatened and robbed them. They further testified that defendant was the same person who visited their house about ten days prior to the robbery and inquired about a former neighbor.

The jury returned a verdict of guilty of armed robbery. From judgment imposing a prison sentence, the defendant appealed to this Court.

*Attorney General Edmisten, by Senior Deputy Attorney General R. Bruce White, Jr., Assistant Attorney General Alfred N. Salley, and Assistant Attorney General Guy A. Hamlin, for the State.*

*John A. Decker, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

ARNOLD, Judge.

Defendant assigns error to the denial by the trial court of his motion for continuance. Such a motion is within the trial court's discretion and the exercise of that discretion is not for review in the absence of manifest abuse of discretion. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Morrison,* 19 N.C. App. 717, 200 S.E. 2d 341 (1973). No abuse is shown in the denial of defendant's motion.

State v. Herencia

Defendant contends that the court should have allowed his request for a voir dire on the in-court identification by Mr. Yancy. Defendant argues that since Yancy saw him between the time of the crime and the trial the in-court identification was tainted.

There is no merit in defendant's argument. Following the robbery the Yancys were at the Fort Brag I.D. Bureau and while there they saw defendant along with Miss Charboneau. The Yancys called the M.P.s, but defendant disappeared before the M.P.s arrived.

The prior confrontation about which defendant argues was neither illegal, nor was it arranged by the police. It happened by chance, and defendant's rights were not violated in any manner. There is no evidence of any illegal pretrial identification. *See State v. Cox,* 281 N.C. 275, 188 S.E. 2d 356 (1972).

The evidence from the record is clear and convincing that the in-court identification originated at the time of the robbery. It may have been better practice to have conducted a voir dire, upon defendant's request, and to have made findings that the in-court identification was of an independent origin, but the failure to do so in this case is harmless error. *State v. Stepney, supra; State v. Smith,* 21 N.C. App. 426, 204 S.E. 2d 693 (1974).

Defendant's trial was free of prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.