STATE OF NORTH CAROLINA v. SANDY DOUGLAS ROSS, JR.

No. 7726SC634

(Filed 17 January 1978)

1. **Criminal Law § 86.1— impeachment of defendant— scope of cross-examination**

Where the accused testifies in his own behalf he surrenders the privilege against self-incrimination, and he is subject to impeachment by questions concerning specific criminal acts and degrading conduct; cross-examination for impeachment purposes is not limited to criminal convictions but includes any conduct by defendant which tends to impeach his character.

2. **Criminal Law § 86.5— cross-examination of defendant—contraband in home— illegal search— questions proper**

The trial court did not err in allowing the district attorney to cross-examine defendant about drugs found in defendant's home pursuant to an allegedly illegal search, since the questions related to matters within defendant's own knowledge and not to accusations, arrests or indictments, and there was no evidence that the district attorney asked the questions in bad faith.

APPEAL by defendant from *Friday, Judge.* Judgment entered 11 March 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 December 1977.

The defendant was charged with possession with intent to sell Methylenedioxy Amphetamine (MDA), a controlled substance, and with the sale and delivery of MDA on 27 February 1975. To both charges, defendant entered a plea of not guilty. The State's evidence tended to show that on the night of 27 February 1975, R. T. Guerette, an undercover police officer, went to defendant's home in Charlotte and made a previously arranged purchase from defendant of two plastic bags containing MDA.

Defendant put on evidence by family members and employees of Carolina Fire Equipment Sales & Service, Inc., the company by which defendant was employed. His evidence tended to show that on 26 February 1975 defendant was called by his father, the president of Carolina Fire Equipment Sales & Service, Inc., to come to Southport, North Carolina to wire and hook up a burglar alarm system under a contract involving a nuclear power generation station. Defendant testified that on 27 February he checked out of the Wilmington, North Carolina motel in which he had stayed on 26 February, and that he went to the Southport job site. He worked there all day. After completing his work he drove back to Charlotte, arriving there sometime after daybreak on the 28th of February.

The jury found defendant guilty of possession with intent to sell MDA and of selling and delivering MDA. For possession with intent to sell MDA defendant was sentenced to not less than five nor more than seven years imprisonment. Defendant received a suspended five-year sentence for sale and delivery of MDA. He appeals from both judgments.

*Attorney General Edmisten, by Associate Attorney Jane Rankin Thompson, for the State.*

*Paul L. Whitfield and Rodney W. Seaford for defendant appellant.*

ARNOLD, Judge.

Error is assigned to the trial court's allowing the State to cross-examine defendant about previous convictions. It is asserted that the North Carolina law allowing the State to cross-examine a defendant concerning prior criminal convictions should be reconsidered. Our Supreme Court has refused to change the rule as it is hereinafter stated, and this Court will not reconsider the rule as stated in *State v. McKenna*, 289 N.C. 668, 224 S.E. 2d 537, vacated and remanded on other grounds *sub nom McKenna v. North Carolina*, --- U.S. ---, 50 L.Ed. 2d 278, 97 S.Ct. 301 (1976); *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973).

[1] The rule is that where the accused testifies in his own behalf he surrenders the privilege against self-incrimination, and he is subject to impeachment by questions concerning specific criminal acts and degrading conduct. Cross-examination for impeachment

purposes is not limited to criminal convictions but includes any conduct by defendant which tends to impeach *his character. State v. McKenna, supra; State v. Poole,* 289 N.C. 47, 220 S.E. 2d 320 (1975); *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971); *State v. Clark,* 28 N.C. App. 585, 221 S.E. 2d 841 (1976). The reasoning for the rule is that the State should be able "to sift the witness and impeach, if it can, the credibility of a defendant's self-serving testimony." *State v. Foster, supra* at 275, 200 S.E. 2d at 794.

[2] Defendant further complains that even if the cross-examination concerning the commission of other crimes was proper, the trial court nevertheless erred in allowing the district attorney to cross-examine him about illegal drugs purportedly in his possession as of 3 January 1975. He contends that the district attorney was allowed to cross-examine him about drugs which were found in his home on 3 January 1975 pursuant to an illegal search.

According to the record defendant was asked whether on the 3rd day of January 1975, "you did not have in your possession in your house in your room a zip-locked bag containing . . . cocaine?" Defendant answered in the negative. There follow several pages of transcript wherein defendant indicated that he was not there when any contraband was found on that date; that if any were found it did not belong to him; and finally defendant concluded that he had "found out that something was found in my house. I didn't find out where it was." Defendant then went on to testify that he had been prosecuted in District Court, and that "the search was held to be unlawful."

The questions asked of defendant related to matters within defendant's own knowledge, and not to accusations, arrests or indictments. Cross-examination of a defendant is not limited to inquiry concerning previous convictions, but may include matters within the knowledge of defendant (*State v. Poole, supra; State v. Williams, supra*) and may encompass any act of defendant which tends to impeach his character. *State v. McKenna, supra.*

Defendant's further contention that by permitting the cross-examination the State was allowed to profit from its unlawful act in violation of Federal and State constitutional due process is also rejected. Obviously, evidence obtained by a search and seizure

which violates the Fourth Amendment will not be admissible, *Mapp v. Ohio*, 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961). The record shows that defense counsel remained silent as to why the District Court may have disallowed the evidence, and there is no indication from the record that the district attorney's questions were asked in bad faith. There was no attempt by the State to make affirmative use of such evidence against defendant, and the State was not prohibited from cross-examining defendant about having the contraband in January 1975 in order to discredit defendant's voluntary testimony.

Defendant's remaining contentions have been reviewed and there is found no prejudicial error which would require a new trial.

No error.

Judges MORRIS and HEDRICK concur.