STATE v. WILL BYNUM, et al.

*Indictment for Larceny—Larceny from the Person—Indictment and Proof—Autrefois Convict.*

1. Acts 1895, c. 285, ? 1, provides that, where the property stolen does not exceed $20, the punishment for the first offence shall not exceed one year. Section 2 provides that, if the larceny is from the person, section 1 shall have no application; *Held*, that it was not necessary to allege in the indictment that the larceny was from the person in order to prove that fact and take the case out of section 1 of said Act.

2. Where money was taken from each of two persons at the same time, a conviction for having stolen the money of one is not a bar to a prosecution for stealing the money of the other.

Indictment for larceny, tried at August Term, 1895, of MOORE Superior Court, before *Hoke, Judge*. Defendants were indicted in ordinary form for stealing money from one Harris in the one case, and from one Barbee in the

other case.    The evidence established that Barbee and
Harris were waggoners in camp together in Moore county
and were asleep by a camp fire, and at night their camp
was assaulted by four or five negroes.    Two by the name
of Rice pointed pistols at Barbee and Harris and compelled
them to hold up their hands—Barbee not holding quick
enough was fired at, and while both were covered by pis-
tols the pockets of each were rifled by defendants and
money taken from the person of each, and all other things
about the camp fire were taken and carried away.  ˙There
was no evidence that the value of the entire property and
money taken was over $20.    Defendant Bynum was there
aiding and abetting.  The witnesses testified they had never
seen the negroes before, but they were identified by other
evidence.    The evidence established that the money taken
from Barbee and Harris was the separate property of each.
The defendants were convicted and sentenced to a term of
seven years each in the penitentiary.    There was no evi-
dence introduced as to whether defendants or either of
them had before been convicted of larceny.    This was in
case 115.    Defendants excepted to the sentence of the court
as against the Acts of 1895 on larceny.  ˙

At the same term of the court, in number 149, the
defendants were indicted for stealing money from the per-
son of the other waggoner, W. W. Harris.    They pleaded
former conviction and not guilty, the pleas being together
by consent.    The evidence was the same as in the other
case, except in this case the bill charged the defendants
with stealing money from the person of Harris.    The court
charged the jury that there was no evidence of former con-
viction and defendants excepted.    Verdict of no former
conviction and of guilty as to both defendants, and they
were sentenced to seven years in the penitentiary concur-
rently with the other case.    Defendants excepted and

appealed in both cases, maintaining in the first case that the bill was not sufficient to justify the sentence, and in the second case, that being the same occurrence, the defendants were protected from a second prosecution by the verdict and judgment upon the first bill.   Appeal by defendants.

*The Attorney General* and *Messrs. Douglass & Spence*, for the State.

*Messrs. R. L. Burns* and *H. E. Norris*, for the defendants (appellants).

FAIRCLOTH, C. J.:   The defendants are indicted in the ordinary form for stealing the money of B. E. Barbee and were convicted and sentenced to the penitentiary for seven years.   The evidence showed that the defendants assaulted said Barbee and W. W. Harris, and took from each his separate money during the same asault.   They were convicted and sentenced at the same term of the court for the taking of the money of said Harris.   The defendants plead former conviction and excepted to the sentence of seven years, as in violation of the Act of 1895, Ch. 285, as follows:   "Sec. 1. That in all cases of larceny where the value of the property stolen does not exceed twenty dollars the punishment shall for the first offence not exceed imprisonment in the penitentiary or common jail a longer term than one year.

"Sec. 2. That if the larceny is from the person or from the dwelling by breaking and entering in the day time, Section 1 of this Act shall have no application.

"Sec. 3. That in all cases of doubt, the jury shall in the verdict fix the value of the property stolen."

There was no evidence that the value of the entire property and money taken was over $20 and the verdict was guilty in the manner and form charged in the indictment.

The case is taken out of the first Section by the second Section, as the proof showed that the taking was from the *person.*

There was no evidence of former conviction, as the case referred to and relied upon was for the larceny of the money of W. W. Harris at the same time by the defendants. *State* v. *Nash,* 86 N. C., 650. It was not essential that the State should have alleged in the indictment that the taking was from the person, so as to take the case out of Section 1 of the Act, as that was a matter of proof to be shown in defense, the second Section being a separate and distinct part of the Act. *State* v. *Downs,* 116 N. C., 1064.

Affirmed.