STATE v. MARY HARRIS.

*Indictment for Larceny—Indictment, Sufficiency of— Negativing Exception in Statute—Defense.*

1. The Act of 1895 (Chapter 285) does not make it necessary that an indictment for the larceny of a sum less than $20 should charge the taking from the person or from a dwelling house in the day time.

2. The general rule as to the form of statutory indictments is that it is not requisite, where they are drawn under one section of the act, to negative an exception contained in a subsequent distinct section of the same statute.

3. On a trial for larceny in the superior court the fact that the

amount stolen was less than $20, and that the taking was neither from the person nor a dwelling house, is matter of defense which it is incumbent on the defendant to show in diminution of the sentence.

4. Where, in the trial of an indictment for larceny, there is a dispute about the value of the thing taken, it is incumbent on the defendant to demand a finding upon that subject by the jury.

5. The hand is a part of one's person, and the exception in Section 2 of Chapter 285, Acts of 1895, is not restricted to cases of taking something concealed about the body.

INDICTMENT, tried before *McIver, J.,* and a jury at Fall Term, 1896, of GUILFORD Superior Court. The defendant was indicted for highway robbery, alleged to have been committed by snatching a purse from the hand of the prosecuting witness. When the evidence was closed, the solicitor for the State abandoned the action for highway robbery, but stated to the court he would insist upon a verdict for larceny. The court charged the jury that, the State having abandoned the charge of robbery, they would consider the question of larceny only; and if, upon consideration of all the evidence, they had a reasonable doubt of the defendant's guilt, they would render a verdict of not guilty; otherwise they would render a verdict of guilty. The jury returned the verdict, "We find the defendant guilty." Motions for a new trial and in arrest were overruled, and the court sentenced defendant to imprisonment in the State prison for a term of two years, to which judgment and sentence defendant excepted and appealed. Among others, defendant assigned as errors the following: "(1) That the court erred in not holding that the bill should have charged that the 'taking was from the person,' etc. (3) That the court erred in not instructing the jury to render one of the following verdicts, and no other: First, guilty of larceny from the person; second, guilty of larceny; third, not

guilty. (4) That the court erred in not holding that the snatching from the hand (simply) of the pocketbook of the prosecuting witness was not 'larceny from the person.' (6) The court erred in sentencing defendant to two years' imprisonment, the amount stolen being less than $20."

*Attorney General*, for the State.

*Messrs. A. B. Andrews, Jr.*, and *W. L. Watson*, for defendant (appellant).

AVERY, J.: That the charge of highway robbery ordinarily includes that of larceny was not contested. 1 Bishop Cr. Law, Sec. 795. The defendant was convicted upon testimony tending to show that he snatched a purse containing a sum of money out of the hands of the prosecuting witness, when he was standing under a city lamp counting his money, and fled with it.

The Act of 1895, Ch. 285, does not make it necessary that an indictment for the larceny of a sum less than $20 should charge the taking from the person or from a dwelling house in the day time. *State* v. *Bynum*, 117 N. C., 749 ; *State* v. *Downs*, 116 N. C., 1064. The general rule as to the form of statutory indictments is that it is not requisite, where they are drawn under one section of the Act, to negative an exception contained in a subsequent distinct section of the same statute. But such indictments might be maintained upon another familiar and well settled principle, the application of which is more readily comprehended, when, as in the case at bar, the conviction for larceny is only possible because the charge of the higher crime includes that of the larceny.

The superior court has general jurisdiction of larcenies. The presumption is in favor of its jurisdiction, and where a defendant relies upon the fact that the amount stolen was less than $20, and that the taking was neither

from the person nor a dwelling house, the fact that a sum less than $20 was taken neither from the person nor a dwelling house is a matter of defense which it is incumbent on him to show in diminution of the sentence. The consequences of the conviction of the felony are in all respects the same, except that the law has given him the opportunity to ask for a smaller punishment when certain facts appear. Where there is a dispute about the value of the thing taken, it is likewise incumbent on the defendant to demand a finding upon that subject by the jury.

There was no exception to the charge of the court, and the question whether the proof of snatching from the hand of the prosecutor would be a taking from the person could not be raised by the motion in arrest of judgment. But we deem it proper to say that we think the hand is a part of one's person, and it was not contemplated by the Legislature that the exception in Section 2 of the Act should embrace only cases of taking something concealed about the body. The judgment is affirmed.

Affirmed.