STATE v. ABE DAVIDSON.

(Decided May 2, 1899).

*Indictment—Larceny—Second Offence—Appeal by State.*

1. Where the indictment for larceny charges the value of the property stolen to be less than $20, or the jury should so find, the imprisonment for the first offence can not exceed one year in the penitentiary or common jail, unless the larceny is from the person, or from a dwelling, by breaking and entering in the day time. Acts 1895, chapter 285.

2. When a second conviction is punished with other or greater punishment than for a first conviction, the first conviction shall be charged as required in The Code, section 1187, so as to be passed on by the jury.

3. Where the sentence imposed is plainly within the discretion of the Judge, he may properly have taken into consideration the fact that it was not the first offence.

4. The State's right of appeal is recognized but limited by section 1237 of The Code. *State* v. *Hinson*, 123 N. C., 755.

THE DEFENDANT was convicted of larceny in Criminal Circuit Court of Buncombe County—was sentenced to four years' imprisonment, and appealed to the Superior Court—the case was remanded to the Criminal Court for a proper sentence, for the reason that the bill charged the value at $1, but did not charge it was a second offence. The State appealed.

Be it remembered, that at the January, 1899, Term of the Criminal Circuit Court of Buncombe County, a bill of indictment was duly found, charging the defendant, Abe Davidson, with the larceny of certain personal property, which said bill of indictment was in the words and figures as follows:

STATE *v.* DAVIDSON.

STATE OF NORTH CAROLINA—BUNCOMBE COUNTY.
Circuit Court, January Term, 1899.

The jurors for the State upon their oath present, That Abe Davidson, late of the County of Buncombe, on the 23rd day of January, in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms, at and in the County aforesaid, a lot of harness, one bit of the value of one dollar of the goods, chattels and moneys of one Alfred Walton then and there being found, feloniously did steal, take and carry away, against the .form of the statute in such case made and provided, and against the peace and dignity of the State.

And the jurors aforesaid, upon their oath, do further present, That the said Abe Davidson afterwards, to-wit: On the day and year aforesaid, with force and arms, at and in the County aforesaid, the said one lot of harness and one brace and bit of the value of one dollar, aforesaid, of the goods, chattels and moneys of the said Alfred Walton before then feloniously stolen, taken and carried away, feloniously did receive and have the said one lot of harness and one brace and bit, the said Abe Davidson then and there well knowing said goods, chattels and moneys to have been feloniously stolen, taken and carried away, against the form of the statute in such cases made and provided, and against the peace and dignity of the State.

R. S. McCALL,
*Solicitor.*

That thereafter, at said term of the Criminal Circuit Court as aforesaid, the defendant was duly arraigned for trial upon said indictment, and a jury duly impaneled; which said jury, after hearing the evidence *pro* and *con,*

STATE *v.* DAVIDSON.

found that the defendant, Abe Davidson, was guilty in the manner and form as charged in the bill of indictment. Thereupon the Solicitor for the State entered a prayer for judgment, and his Honor, *H. B. Stevens,* Judge Presiding, adjudged that the defendant, Abe Davidson, be imprisoned in the common jail of Buncombe County for a term of four years' to be worked upon the public roads of Buncombe County.

That the larceny charged was not from the person, or from a dwelling by breaking and entering in the day time; and the value of the property stolen was less than twenty dollars. It was not denied by the defendant that he had been convicted before for larceny, but admitted by him.

The defendant in due time excepted to the judgment of his Honor; in that it had not been alleged in the bill of indictment that the defendant had been convicted upon the charge of larceny or the time and place given; and that the question of former conviction was not submitted to the jury —which said exception his Honor overruled.

In open Court the defendant appealed to the Superior Court of Buncombe County; notice of appeal was waived and his Honor ordered that the defendant be allowed to appeal in *forma pauperis.*·

*Agreement.*

In the above entitled action, it is agreed between the State and the defendant, that the above shall constitute the full record and case on appeal to the Superior or Supreme Courts.    This the 15th day of February, 1899.

R. S. McCALL,
*Solicitor for the Circuit Court.*
MARK W. BROWN,
J. N. ROGERS,
*Attorneys for the Defendant.*

*Judgment.*

This cause coming on to be heard before *Starbuck, J.,* at March Term, 1899, of Buncombe Superior Court, upon defendant's appeal from a judgment of the January, 1899, Term of the Circuit Court of said County:

Upon consideration of the case on appeal, the Court is of opinion that in order to warrant a greater punishment than twelve months, the bill of indictment should have contained the allegation of former conviction in accordance with the requirements set forth in Section 1187 of the Code.

The Court is further of the opinion that the failure to so allege is not cured by the defendant's admission, for the reason that the admission is not stronger than proof.

It is therefore considered and adjudged that the judgment of said Criminal Circuit Court is illegal and that the cause be remanded to the Western District Criminal Court of Buncombe County to the end that a proper judgment may be entered.

It is ordered that this judgment be certified by the Clerk to the Western District Criminal Court for Buncombe County.

H. R. Starbuck,
*Judge Presiding 12th Judicial District.*

From this judgment the Solicitor appeals to the Supreme Court. Notice waived.

It is agreed by Solicitor and counsel for defendant that this judgment and the agreed case in Superior Court shall constitute case on appeal to Supreme Court.

Chas. A. Webb,
*Solicitor for State.*
Mark W. Brown,
*Attorney for Defendant.*

Attorney General for the State.
*Mr. Mark W. Brown,* for defendant.

CLARK, J.    Acts 1895, Ch. 285, Section 1, provides, "In all cases of larceny where the value of the property stolen does not exceed $20 the punishment shall for the first offence not exceed imprisonment in the penitentiary or common jail, for a longer term than one year."    Section 2 excepts from the operation of this Act larceny from the person or from a dwelling by breaking and entering in the day time.    Section 3 provides that in all cases of doubt the jury shall fix in the verdict the value of the property stolen.

In the present case the defendant was convicted of larceny in the Criminal Circuit Court of Buncombe upon an indictment charging the value of the propery at one dollar.    The indictment did not charge that the defendant had been theretofore convicted of any larceny.    The Court, however, sentenced the defendant to imprisonment for four years upon his admission of a former conviction for larceny.    On appeal to the Superior Court that Court adjudged the sentence of the Criminal Court illegal and remanded the case that a proper sentence might be entered, from which judgment the Solicitor appealed to this Court.

The Code, Section 1187, prescribes that when a second conviction is punished with other or greater punishment than for a first conviction the first conviction shall be charged in the manner therein set out, and what proof shall be sufficient evidence thereof.    When the property stolen is charged of less value than $20 (or when charged at more than that value, if it is found by the jury to be of less value than $20) no punishment greater than one year's imprisonment can be inflicted unless it is charged in the indictment that the defendant has been formerly convicted of larceny, except that

should the proof show that the larceny was from the person or by breaking and entering a dwelling house in the day time the defendant can not claim the protection of this statute, and hence it is not necessary to charge in the indictment the manner of the larceny. *State v. Bynum,* 117 N. C., 749. If the larceny was committed in the manner specified in the 2nd Section of the Act (by taking from the person or breaking into a dwelling in the day time) the case falls under the general statute and though the goods stolen are of less value than $20 allegation and proof as to former conviction become immaterial. *State v. Harris,* 119 N. C., 811. In the case before us, the larceny was not committed in either of the modes mentioned in Section 2, and the value of the goods being charged at less than $20, and no previous conviction for larceny being alleged in the bill, it was erroneous to pass sentence of imprisonment for more than one year. Whether there was a former conviction or not was for the jury not for the Court. Had the bill charged that this was not the first offence, then the defendant's admission that he had been formerly convicted of larceny would have been competent to prove the charge, but in the absence of such charge (as provided by Section 1187 of The Code) the admission if believed, was *probata* without *allegata* and of no effect. This case differs materially from *State v. Wilson,* 121 N. C., 654, where the Judge imposing a sentence plainly within his discretion, recited in his judgment the former convictions of the defendant as a reason for the severity of his sentence.

The defendant further insisted that no appeal lay in behalf of the State, from the decision of the Superior Court. As the appeal to that Court and its decision thereon are purely upon questions of law, *State v. Hinson,* 123 N. C., 755, it would seem that the State should be entitled to an appeal

to this Court from the judgment of the Superior Court, but the Legislature by inadvertence has so far failed to so provide, in The Code, Section 1237, and while, from its public importance, we pass upon the point presented, we feel constrained to dismiss the appeal—the same course which was taken in Hinson's case, *supra*.

Appeal dismissed.