STATE v. ED. BROWN ET AL.

(Filed 21 May, 1909.)

1. **Police Justice—Jurisdiction—City Limits—Evidence—Judgment—Motion in Arrest.**

     When a police justice has jurisdiction of offenses only when committed within the corporate limits of a city, a motion in arrest of judgment will be denied when it does not appear that the offense was committed in the limits prescribed.

2. **Larceny from Person—Punishment—Jurisdiction—Superior Court.**

     Larceny from the person, regardless of the value of the property, is within the exclusive jurisdiction of the Superior Court. (Revisal, sec. 3506.)

STATE *v.* BROWN.

INDICTMENT tried before *Webb, J.,* at February Term, 1909, of FORSYTH, for larceny from the person of a pocketbook of the value of $1.

The defendants were convicted, and moved in arrest of judgment, upon the ground that the recorder's court of Winston had exclusive original jurisdiction of the offense charged in the bill. Motion overruled. Defendants appealed. This constitutes the only assignment of error.

*Attorney-General* for the State.
*J. S. Grogan* for defendants.

PER CURIAM: The motion was properly overruled.

1. The act of the General Assembly of 1907 (chapter 573) creating a recorder's court for the city of Winston limits the jurisdiction of that court to offenses committed within the corporate limits of said city, and there is nothing appearing upon the face of this record showing that the offense was committed within those limits.

2. Larceny from the person, regardless of the value of the property, is neither a petty misdemeanor nor a felony, the punishment for which cannot exceed one year, under section 3506 of the Revisal.

The punishment for such offense, under sections 3500 and 3506, may be as much as ten years in the State's Prison. Of this offense the Superior Court has exclusive jurisdiction.

Affirmed.