STATE v. HELEN STEVENS AND MILLARD STEVENS.

(Filed 6 April, 1960.)

**1. Criminal Law § 25—**

An assignment of error to the refusal of the court to dismiss the prosecution as of nonsuit is inapposite where the defendant has entered a plea of *nolo contendere*, since the law does not sanction a conditional plea of *nolo contendere*, and, upon acceptance of the plea, the court is clothed with the same authority to impose judgment as if defendant had been convicted by a jury or had entered a plea of guilty, and the introduction of evidence is ordinarily for the sole purpose of determining what punishment should be imposed.

**2. Larceny § 10—**

Larceny from the person in any amount is punishable for as much as ten years in the State's prison. G.S. 14-72.

APPEAL by defendants from *Sink, Emergency Judge,* November Term, 1959, of WILKES.

This is a criminal action in which the defendants entered a plea of *nolo contendere* of larceny from the person, upon a bill of indictment charging them with the larceny of $104.00 in cash.

The defendant Millard Stevens was sentenced to the State's Prison for a term of not less than three nor more than eight years. The defendant Helen Stevens was sentenced to the Women's Division of the State's Prison for a period of not less than three nor more than five years.

From these judgments the defendants appeal, assigning error.

*Attorney General Bruton, Assistant Attorney General Hooper for the State.*

*J. H. Whicker, Sr., for defendants.*

DENNY, J. The defendants assign as error the failure of the court below to dismiss as of nonsuit at the close of all the State's evidence.

Ordinarily, when evidence is introduced by the State after a plea of guilty or of *nolo contendere,* it is introduced for the purpose of determining what punishment should be imposed and not for the purpose of determining the guilt or innocence of the pleader. *S. v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79; *S. v. Crump,* 209 N.C. 52, 182 S. E. 716.

Moreover, the law does not sanction a conditional plea of *nolo contendere. S. v. Horne,* 234 N.C. 115, 66 S.E. 2d 665; *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525; *S. v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698. Therefore, when a defendant enters a plea of *nolo contendere* and such plea is accepted by the State, the court is clothed with the same authority to impose judgment as if such defendant had been convicted by a jury or had entered a plea of guilty. *S. v. Stone,* 245 N.C. 42, 95 S.E. 2d 77; *Mintz v. Scheidt,* 241 N.C. 268, 84 S.E. 2d 882.

The second and third assignments of error challenge the validity of the judgments entered below. The defendants contend that the judgments are void; that the law prescribes a sentence not in excess of twelve months for larceny from the person, citing *S. v. Brown,* 150 N.C. 867, 64 S.E. 775.

The last cited case states, "Larceny from the person, regardless of the value of the property, is neither a petty misdemeanor nor a felony, the punishment for which can not exceed one year, under section 3506 of the Revisal. The punishment for such offense, under sections 3500 and 3506, may be as much as ten years in the State's Prison."

The appellants have clearly misconstrued the language on which they are relying. Section 3506 of the Revisal, now G.S. 14-72, clearly points out that "if the larceny is from the person" the limitation in the statute does not apply. In the instant case the larceny was from the person, in the sum of $104.00. Therefore, as pointed out in *S. v. Brown, supra,* larceny from the person in any amount is punishable under section 3500 of the Revisal (now G.S. 14-70) and section 3506 of the Revisal (now G.S. 14-72) for as much as ten years in the State's Prison. Cf. *S. v. Surles,* 230 N.C. 272, 52 S.E. 2d 880.

These assignments of error are without merit and each of them is overruled.

The rulings of the court below and the judgments imposed will be upheld.

Affirmed.