STATE v. ALBERT FOWLER.

(Filed 9 March 1966.)

**Larceny § 3—**

Where the indictment charges the larceny of $200 or less and does not charge that the larceny was from a building by breaking and entering, or by any other means of such nature as to make the larceny a felony, the indictment charges only a misdemeanor, and a sentence on the count in excess of two years must be vacated and the cause remanded for proper judgment.

MOORE, J., not sitting.

APPEAL by defendant from *Morris, J.,* August 1965 Criminal Session of NEW HANOVER.

Defendant was tried on the first and second counts of a three-count bill of indictment. The jury returned a verdict of guilty (1) of feloniously breaking and entering a certain building occupied by

one J. M. McLamb, as charged in the first count, and (2) of larceny of personal property of J. M. McLamb as charged in the second count.

Judgment, imposing a prison sentence of six years and three months, was pronounced on the verdict on the first count; and judgment, imposing a prison sentence of ten years, was pronounced on the verdict on the second count, this sentence to commence upon expiration of the sentence on the first count.

Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General Moody for the State.*

*John F. Crossley for defendant appellant.*

PER CURIAM. Defendant was represented at trial and is represented on appeal by court-appointed counsel.

The only evidence was that offered by the State. The evidence consists of McLamb's testimony that his building was broken into and entered and his money stolen and the testimony of a deputy sheriff as to defendant's admission he was one of the three participants in the commission of the crimes of which he was convicted.

While defendant's counsel objected to the officer's testimony on the ground the confession was involuntary, a hearing was conducted in the absence of the jury in which the officer did and defendant did not testify; and, in the absence of the jury, the court made findings, which were supported by evidence, that defendant's confession was in fact voluntary.

While each of defendant's assignments of error relating to events occurring during the trial has been considered, none discloses error of such prejudicial nature as to warrant a new trial.

However, we are constrained to hold the court erred in respect of the judgment pronounced on the verdict on the second count.

Under G.S. 14-72, as amended, the larceny of property of the value of $200.00, or less, is a misdemeanor. However, G.S. 14-72, as amended, does not apply when "the larceny is from the person, or from the dwelling or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be, by breaking and entering." In instances where G.S. 14-72 as amended does not apply, the larceny, as at common law, is a felony without regard to the value of the stolen property. *S. v. Cooper,* 256 N.C. 372, 380, 124 S.E. 2d 91, and cases cited.

Here the second count charges the larceny of $128.34 in cash. It contains no allegation the larceny was from a building by break-

ing and entering or by other means of such nature as to make the larceny a felony. Hence, the crime charged is a misdemeanor for which the maximum prison sentence is two years.

In cases where all the evidence tends to show the alleged larceny was from a building by breaking and entering, technical difficulties will be avoided by including an allegation to this effect in the (separate) larceny count.

The foregoing leads to this conclusion: As to the first count, the judgment of the court below is affirmed. As to the second count, the judgment of the court below is vacated and the cause is remanded for the entry of a new judgment based upon defendant's conviction of the (simple) larceny of property of the value of $200.00 or less, to wit, a misdemeanor.

First count, judgment affirmed.

Second count, judgment vacated, remanded for new judgment.

MOORE, J., not sitting.