STATE OF NORTH CAROLINA v. DONALD JAMES BENFIELD

No. 7025SC537

(Filed 18 November 1970)

Larceny § 4— sufficiency of indictment to support conviction

An indictment charging the larceny of property having a value of more than $200 is sufficient to support a conviction of larceny from the person, notwithstanding the indictment failed to allege a larceny from the person. G.S. 14-70; G.S. 14-72(b)(1).

APPEAL by defendant from *Martin, Judge of the Superior Court,* 9 March 1970 Session, BURKE Superior Court.

Defendant was charged in a bill of indictment, proper in form, with the felony of larceny of property of a value of more than two hundred dollars.

The State's evidence tended to show the larceny of forty dollars from the person of Tom Lee Mace on 24 June 1969. The case was submitted to the jury upon the question of defendant's guilt of the offense of larceny from the person.

From a verdict of guilty, and judgment imposed thereon, defendant appealed.

*Attorney General Morgan, by Staff Attorney Walker, for the State.*

*Thomas M. Starnes for defendant.*

BROCK, Judge.

Defendant assigns as error the denial of his motion in arrest of judgment.

The bill of indictment, upon which defendant was tried, reads as follows:

"The Jurors for the State upon their oath present, that Donald James Benfield late of the County of Burke, on the 24th day of June, in the year of our Lord one thousand nine hundred and sixty-nine, with force and arms, at and in the county aforesaid, *Two Hundred Forty Dollars in United States Currency ($240.00) of the value of more than Two Hundred Dollars,* of the goods, chattels and moneys of one Mr. & Mrs. Tom Mace then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." (Emphasis added.)

The State's evidence tended to show that defendant took two $20.00 bills from Mr. Mace's wallet while it was being held in Mr. Mace's hand.

The trial judge charged the jury as follows:

"Under the evidence in this case, the court is submitting the case to you on the charge which is known in law as larceny from the person. And I charge you that the felonious or criminal taking and carrying away of the personal property of another, by force and against the will of the owner; and taking and carrying away with the then present intent on the part of the one who takes it, to appropriate it to his own use for all time, and to deprive the rightful owner of its use. And when that taking is from the person of the one owning the property, then that is what is known in law as larceny from the person."

And later he instructed the jury as follows:

"The State has the burden of proof; and I charge you that if the State has satisfied you from the evidence, and beyond a reasonable doubt, that on June 24th, 1969, between the hours of two p.m. and three-fifteen p.m. that the defendant Benfield took and carried away forty dollars ($40.00) of United States money, from the person of Tom Mace, without his consent and against his will; that such money was taken and carried away by the defendant, with the felonious intent to deprive Tom Mace of his money permanently and to convert it to the defendant's use, it would be your duty to return a verdict of guilty of larceny from the person."

From a reading of the bill of indictment it is clear that defendant was charged with the felony of larceny of property of a value of more than $200.00 (G.S. 14-70) and from the instructions given to the jury by the trial court, it can be clearly seen that defendant was found guilty of the felony of larceny from the person of the sum of $40.00 (G.S. 14-72(b) (1)).

It was stated as early as 1895 that it is not necessary for the indictment to allege that the larceny was from the person for it to be shown. *State v. Bynum,* 117 N.C. 749, 23 S.E. 218. Also it was held that an indictment for larceny charged a felony, and it was a matter of defense to mitigate the charge to a misdemeanor by showing that the property taken was a value of less than the amount prescribed by statute, and that it was neither taken from the person nor from a dwelling-house. *State v. Harris,* 119 N.C. 811, 26 S.E. 148.

The reasoning of *Bynum* and *Harris* was followed in *State v. Davidson,* 124 N.C. 839, 32 S.E. 957 (1899); *State v. R.R.,* 125 N.C. 666, 34 S.E. 527 (1899); *State v. Hankins,* 136 N.C. 621, 48 S.E. 593 (1904); *State v. Dixon,* 149 N.C. 460, 62 S.E. 615 (1908); and *State v. Flynn,* 230 N.C. 293, 52 S.E. 2d 791 (1949).

In *State v. Stevens,* 252 N.C. 331, 113 S.E. 2d 577 (1960), two defendants were charged with larceny of $104.00. They entered pleas of *nolo contendere* to larceny from the person, and were sentenced to terms of not less than three nor more than eight years and not less than three nor more than five years. On appeal the judgments were upheld by a unanimous court.

In *State v. Bowers,* 273 N.C. 652, 161 S.E. 2d 11 (1968), Justice Bobbitt (now Chief Justice) referring to the holding in *State v. Stevens, supra,* stated the following:

> "Seemingly, Stevens stands for the proposition that an indictment charging the larceny of property of the value of two hundred dollars or less is a sufficient basis for a conviction of larceny from the person or a plea of guilty or *nolo contendere* to larceny from the person. The present appeal does not necessitate reconsideration of the decision in *Stevens.* However, solicitors would do well to include in bills of indictment the words 'from the person' if and when they intend to prosecute for the felony of larceny from the person."

Therefore it seems clear that *Stevens,* as late as 1968, stands for the proposition as announced in *State v. Bynum, supra,* in 1895, that it is not necessary for the indictment to allege that the larceny was from the person for it to be shown.

Although Judge Martin has applied in this case a legal principle of long standing, it nevertheless seems to us that the State should be required to allege larceny from the person if that is the offense it intends to prove. The requirement that this should be alleged seems to be equally as compelling as the requirement of allegations that a larceny was by breaking or entering *(State v. Fowler,* 266 N.C. 667, 147 S.E. 2d 36), or was of goods of a value of more than $200.00 *(State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91). However, being bound by the decisions of the Supreme Court of North Carolina, we overrule defendant's assignment of error to the failure of the trial judge to arrest judgment.

We have considered defendant's remaining assignments of error and in our opinion they are without merit.

No error.

Judges MORRIS and GRAHAM concur.