STATE OF NORTH CAROLINA v. DONALD JAMES BENFIELD

No. 19

(Filed 10 March 1971)

1. Larceny § 9— verdict of "guilty" — larceny from the person — consideration of issue being tried, evidence and charge

In this prosecution upon an indictment charging the larceny of property of a value of more than $200, the verdict of "guilty" returned by the jury must be interpreted as a verdict of guilty of larceny of $40 from the person of the victim when considered in connection with the issue being tried, the evidence and the charge of the court.

2. Larceny §§ 4, 9— larceny from the person — sufficiency of indictment

An indictment charging larceny of property having a value of more than $200, but which contains no allegation of larceny from the person, will not support a verdict finding defendant guilty of the felony of larceny of $40 from the person of the victim, and the verdict must be considered as a verdict of guilty of simple larceny of $40. Statements to the contrary in prior decisions are no longer authoritative.

3. Larceny § 4— felonious larceny — indictment

To convict of felony-larceny, the indictment must allege and the State must prove beyond a reasonable doubt, as an essential element of the crime, that the value of the property exceeded $200, or that the larceny was from the person, or that the larceny was from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57, or that the property involved was an explosive or incendiary device or substance. G.S. 14-72.

4. Larceny § 4— property of value over $200 — other factors making crime a felony — indictment

When the available evidence indicates that the value of the property exceeds $200 and also that the larceny is either (1) from the person, or (2) from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57, or (3) that the property involved is an explosive or incendiary device or substance, the solicitors would do well to incorporate both allegations

in the indictment so that if proof of one should fail the prosecution can proceed on the other.

ON *certiorari* to review decision of the Court of Appeals.

Defendant was tried at March 9, 1970 Session of BURKE Superior Court before *Judge Harry C. Martin* and a jury on a bill of indictment which charged that defendant, on June 24, 1969, in said county, "Two Hundred Forty Dollars in United States Currrency ($240.00) of the value of more than Two Hundred Dollars, of the goods, chattels and moneys of one Mr. & Mrs. Tom Mace then and there being found, feloniously did steal, take and carry away," etc.

The jury returned a verdict of "guilty"; and judgment, which imposed a prison sentence of seven years, was pronounced.

Defendant excepted and appealed. On account of defendant's indigency, the court appointed counsel (Thomas M. Starnes, Esq.) to perfect defendant's appeal to the Court of Appeals.

The Court of Appeals found "No Error." 9 N.C. App. 657, 177 S.E. 2d 306. This Court granted defendant's application for *certiorari*. 277 N.C. 458, 178 S.E. 2d 225.

*Attorney General Morgan, Assistant Attorney General Eagles and Staff Attorney Walker for the State.*

*Thomas M. Starnes for defendant appellant.*

BOBBITT, Chief Justice.

In his charge, the court instructed the jury they could return one of two verdicts, either guilty of larceny from the person or not guilty. They were instructed it would be their duty to return a verdict of guilty of larceny *from the person* if satisfied from the evidence beyond a reasonable doubt "that the defendant Benfield took and carried away forty dollars ($40.00) of United States money, from the person of Tom Mace, without his consent and against his will; that such money was taken and carried away by the defendant with the felonious intent to deprive Tom Mace of his money permanently and to convert it to the defendant's use. . . . " If they were not so satisfied, they were instructed to return a verdict of not guilty.

"It is well settled in this jurisdiction that the verdict should be taken in connection with the issue being tried, the evidence, and the charge of the court." *Davis v. State,* 273 N.C. 533, 539, 160 S.E. 2d 697, 702.

[1] When considered in connection with the issue being tried, the evidence, and the charge of the court, the verdict of "guilty" returned by the jury must be interpreted as a verdict of guilty of larceny of forty dollars from the person of Tom Mace. It was so considered by the trial judge who, after reciting that defendant had been found guilty "of the offense of larceny . . . which is a violation of G.S. 14-70-72 and of the grade of felony," pronounced judgment which imposed a prison sentence of seven years.

[2] Consideration of defendant's assignments discloses no error sufficient to entitle plaintiff to a new trial. Therefore, the verdict will not be disturbed. However, since the indictment contains no allegation of larceny *from the person,* we are of opinion, and so hold, that the verdict must be considered a verdict of guilty of the larceny of forty dollars of Tom Mace's money.

Candor requires recognition of the fact that certain prior decisions of this Court lend support to Judge Martin's instructions and judgment and to the decision of the Court of Appeals. Although the question was not presented in that case, the *dictum* in *State v. Bowers,* 273 N.C. 652, 161 S.E. 2d 11 (1968), quoted in Judge Brock's opinion, indicated rather strongly that this Court was disposed to reconsider prior decisions relating to whether a person may be convicted and punished for the felony of larceny *from the person* when the indictment on which he is tried fails to charge him with larceny *from the person.* The question is squarely presented in the present case; and, although Judge Brock, writing for himself and for Judges Morris and Graham, indicated their concurrence with the views expressed in this opinion, the Court of Appeals rightly considered that this Court alone was the tribunal to reconsider and overrule, if appropriate, its prior decisions.

At common law, the crime of larceny was a felony. *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91.

The Act of 1895 (Public Laws of 1895, Chapter 285) entitled, "An act to limit the punishment in certain cases of larceny," provided:

"SECTION 1. That in all cases of larceny where the value of the property stolen does not exceed twenty dollars, the punishment shall, for the first offense, not exceed punishment in the penitentiary, or common jail, for a longer term than one year.

"SEC. 2. That if the larceny is from the person, or from the dwelling by breaking and entering in the day time, section one of this act shall have no application.

"SEC. 3. That in all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen."

Under the 1895 Act, larceny was a felony notwithstanding (1) the value of the stolen property did not exceed twenty dollars; (2) the larceny was not from the person; and (3) the larceny was not from the dwelling by breaking and entering in the daytime. *State v. Harris,* 119 N.C. 811, 814, 26 S.E. 148. These matters were not considered essential ingredients of the crime of larceny but were matters "in amelioration of the punishment, to be raised and determined at the instance of the defendant . . . . " *In re Holley,* 154 N.C. 163, 170, 69 S.E. 872, 875 (1910). Having adopted the view that these matters were not essential elements of the crime of larceny, the Court held an indictment for larceny need not contain an allegation with reference to any of these matters. Thus, when a person was charged and convicted of larceny of described personal property, the crime was punishable by imprisonment for a period not exceeding ten years unless it appeared *from the evidence* (1) that the value of the property stolen was less than twenty dollars, and (2) that the larceny was *not* from the person, and (3) that the larceny was *not* from the dwelling by breaking and entering in the daytime. Although defendant contended and offered evidence tending to show that he was in no way connected with the alleged larceny, it was incumbent upon him to bring forward evidence of these matters in order to qualify for "amelioration of the punishment."

Decisions based on the 1895 Act include those discussed in the following two paragraphs.

In *State v. Bynum,* 117 N.C. 749, 23 S.E. 218 (1895), and in *State v. Harris, supra,* the value of the stolen property did not exceed twenty dollars. Based upon evidence tending to show the larceny was from the person, prison sentences in excess of one year were affirmed. With reference to the de-

fendant's contention that the indictment had not alleged the larceny was from the person, the Court in *State v. Harris, supra,* stated succinctly: "Laws 1895, ch. 285, does not make it necessary that an indictment for the larceny of a sum less than $20 should charge the taking from the person or from a dwelling-house in the daytime." *State v. Davidson,* 124 N.C. 839, 32 S.E. 957 (1899), is based on *Bynum* and *Harris. Bynum* and *Harris* are cited in *State v. R. R.,* 125 N.C. 666, 671, 34 S.E. 527, 529 (1899) ; and *Bynum* is cited in *State v. Hankins,* 136 N.C 621, 625, 48 S.E. 593, 594 (1904).

In *In re Holley, supra,* the prisoner was tried on an indictment which charged larceny of property of the value of ten dollars. In reviewing on *certiorari* a judgment in a *habeas corpus* proceeding, the Court held that the sentence of imprisonment for five years pronounced by the trial judge was permissible when "it clearly appeared that the property was largely more than $20 in value, to wit, from $250 to $300 . . . . " *Id.* at 171. Accord: *State v. Dixon,* 149 N.C. 460, 464, 62 S.E. 615, 616 (1908).

Other decisions of this Court based on the 1895 Act are reviewed in *State v. Cooper, supra* at 374-376, 124 S.E. 2d at 92-94.

The Act of 1913 (Public Laws of 1913, Chapter 118) entitled, "AN ACT TO MAKE UNIFORM THE CRIME OF LARCENY IN THE STATE OF NORTH CAROLINA," provides:

"SECTION 1. That the larceny of and receiving of stolen goods knowing them to be stolen, of the value of not more than twenty dollars, *is hereby declared a misdemeanor,* (our italics) and the punishment therefor shall be in the discretion of the court. If the larceny is from the person or from the dwelling by breaking and entering, this section shall have no application: *Provided,* that this act shall not apply to horse stealing; *Provided, further,* that this act shall have no application to indictments or presentments now pending nor to acts or offenses committed prior to the ratification of this act.

"SEC. 2. That the Superior Court of North Carolina shall have exclusive jurisdiction of the trial of all cases of the larceny of or the receiving of stolen goods, knowing them to be stolen, of the value of more than twenty dollars.

State v. Benfield

"SEC. 3. That all laws and clauses of laws in conflict with this act are hereby repealed."

The Act of 1913 was codified as G.S. 14-72. Amendments to G.S. 14-72 (prior to 1969) and decisions based thereon are reviewed in *State v. Cooper, supra.* It was held in *Cooper* that, except in those instances where G.S. 14-72, as amended, did not apply, whether a person who committed the crime of larceny was guilty of a felony or a misdemeanor depended solely upon whether the value of the stolen property exceeded two hundred dollars; and that, to convict of felony-larceny on the ground the value of the stolen goods exceeded two hundred dollars, it was necessary that the State allege and prove beyond a reasonable doubt, *as an essential element of the crime,* that the value of the stolen property exceeded two hundred dollars. The legal propositions stated in *State v. Cooper, supra,* were reaffirmed in *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969), and decisions in conflict were overruled.

G.S. 14-72, as amended, provided expressly that it did not apply where the larceny was "from the person," or where the larceny was from the "dwelling or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be, by breaking and entering." To be guilty of a felony where the value of the goods did not exceed two hundred dollars, the larceny had to be either (1) from the person or (2) from the dwelling or any storehouse, etc., by breaking and entering.

In *State v. Fowler,* 266 N.C. 667, 147 S.E. 2d 36 (1966), the defendant was found guilty as charged in the first and second counts of a three-count bill of indictment. In the first count, the defendant was charged with feloniously breaking and entering a certain building occupied by one J. M. McLamb; and, in the second count, the defendant was charged with the larceny of $128.34, the property of J. M. McLamb. Judgment on the first count, which imposed a prison sentence of six years and three months, was affirmed. Judgment on the second count, which imposed a prison sentence of ten years to commence upon expiration of the sentence on the first count, was vacated and the cause remanded for the entry of a new judgment based upon the defendant's conviction of the (simple) larceny of

property of the value of two hundred dollars or less, to wit, a misdemeanor. The ground of decision was that the second count contained "no allegation the larceny was from a building by breaking and entering or by other means of such nature as to make the larceny a felony" and therefore the maximum prison sentence was two years.

In *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198 (1966), the defendant was tried on a two-count bill of indictment and found guilty of a felonious breaking and entry as charged in the first count and of larceny of property of a value of less than two hundred dollars as charged in the second count. On each count, the court sentenced the defendant to imprisonment for not less than five nor more than seven years, the sentences "to run concurrently." The opinion states: "The jury found defendant guilty of the larceny of property of the value of less than $200, a misdemeanor. G.S. 14-72 does not apply because the second count in the indictment does not allege that the alleged larceny was committed pursuant to a felonious breaking and entry. It was error for the judge to impose upon the conviction of larceny as alleged in the second count in the indictment a prison sentence of five to seven years, and it is hereby vacated. *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91."

In *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165 (1966), it was stated: "The crime charged in the second count was the (simple) larceny of property of the value of $200.00 or less, a misdemeanor for which the maximum sentence is two years. See *S. v. Fowler, ante,* 667, 147 S.E. 2d 36. However, no separate sentence based on defendant's conviction of larceny as charged in the second count . . . was pronounced."

In *State v. Morgan,* 268 N.C. 214, 222, 150 S.E. 2d 377, 383 (1966), the opinion of Chief Justice Parker contains the following: "The second count in the second indictment charges the larceny of property of the value of $18, and does not charge that the larceny was from a building by breaking and entering, or by any other means of such nature as to make the larceny a felony. Consequently, the larceny charged in the second count in the indictment is a misdemeanor. *State v. Fowler,* 266 N.C. 667, 147 S.E. 2d 36. No separate sentence based on defendant's conviction of larceny as charged was pronounced."

---

---

Decisions of this Court subsequent to the Act of 1913 which contain references to decisions based on the Act of 1895 include the following:

In *State v. Flynn,* 230 N.C. 293, 52 S.E. 2d 791 (1949), the defendant was indicted, tried and convicted of the larceny of $500.00 from the person of one Dale Winters. On appeal, the defendant contended the court erred in that in defining larceny no reference was made to larceny from the person. In the course of disposing of this assignment of error, the opinion states: "Since the fact that larceny was from the person is but an aggravation of the offense, and it is not necessary to charge it in order to prove it, and since the court correctly defined the crime of larceny as is usually done, the objection seems to be without merit. *S. v. Bynum,* 117 N.C. 749, 23 S.E. 218."

In *State v. Massey,* 273 N.C. 721, 161 S.E. 2d 103 (1968), the defendant was indicted for robbery with firearms from the person of one Floyd Walton. He was found guilty of larceny from the person and sentenced to a prison term of not less than three nor more than five years; and, upon appeal, this Court found "No error." In the opinion reference was made to *State v. Bynum, supra,* and *State v. Harris, supra,* as based on the Act of 1895, and attention was called to the apparent conflict between those decisions and later cases including *State v. Cooper, supra,* and *State v. Bowers, supra.*

In *State v. Bowers, supra,* the defendant was tried *de novo* in the Superior Court for misdemeanor-larceny upon a warrant which charged the larceny of $20.00 in U. S. Currency by trick. Upon conviction, the judgment pronounced imposed a prison sentence of twelve months. A new trial was awarded because of a remark made by the court to the jury before the jurors had agreed upon their verdict, to wit: "You have to reach a verdict." In remanding the case, the Court said: "The State, having affirmatively elected to treat the accusation set forth in the warrant as a charge of simple larceny of $20.00, could not and cannot prosecute for the felony of larceny from the person on account of what transpired between Honeycutt and defendant on July 21, 1967. The State was not required to prosecute for the felony. It elected, and had a right to do so, to restrict the prosecution to an accusation of and trial for a misdemeanor. Having done so, we are of opinion, and so decide, that defendant

can be retried only for the simple larceny of $20.00, a misdemeanor."

The opinion in *State v. Bowers, supra,* in discussing the prior decision of *State v. Stevens,* 252 N.C. 331, 113 S.E. 2d 577 (1960), said: "In *State v. Stevens, supra,* the indictment charged defendants with the larceny of $104.00 in cash. When arraigned thereon, each defendant entered a plea of *nolo contendere* 'of larceny from the person.' Judgments imposing prison sentences of 3-8 years and of 3-5 years, respectively, were pronounced. Seemingly, Stevens stands for the proposition that an indictment charging the larceny of property of the value of two hundred dollars or less is a sufficient basis for a conviction of larceny from the person or a plea of guilty or *nolo contendere* to larceny from the person. The present appeal does not necessitate reconsideration of the decision in Stevens. However, solicitors would do well to include in bills of indictment the words 'from the person' if and when they intend to prosecute for the felony of larceny from the person."

The opinion in *State v. Bowers, supra,* also stated: "Where an indictment charges larceny of property of the value of two hundred dollars or less, but contains no allegation the larceny was from a building by breaking and entering, this Court has held the crime charged is a misdemeanor for which the maximum prison sentence is two years, notwithstanding all the evidence tends to show the larceny was accomplished by means of a felonious breaking and entering." In support of this statement, decisions in *Fowler, Ford, Smith,* and *Morgan,* discussed above, are cited.

The decision in *State v. Stevens, supra,* in respect of the question now under consideration, seems to have been based largely on *State v. Brown,* 150 N.C. 867, 64 S.E. 775 *(1909).* In *State v. Brown, supra,* the defendant was *indicted, tried* and *found guilty* in the Superior Court *of larceny from the person* of a pocketbook of the value of one dollar. On appeal, the defendant contended the Recorder's Court of Winston had exclusive original jurisdiction and therefore the court should have granted his motion in arrest of judgment. The judgment was affirmed on the ground that the punishment *for larceny from the person* may be as much as ten years in the State's prison and that the offense was one of which the Superior Court has exclusive juris-

State v. Benfield

diction. It would seem that *Brown* was not a solid basis for the decision in *Stevens*.

As rewritten by Chapter 522, Session Laws of 1969, in full force and effect from and after its ratification on May 19, 1969, G.S. 14-72 now provides:

"Larceny of property; receiving stolen goods not exceeding two hundred dollars in value.— (a) Except as provided in subsections (b) and (c) below, the larceny of property, or the receiving of stolen goods knowing them to be stolen, of the value of not more than two hundred dollars ($200.00) is a misdemeanor punishable under G.S. 14-3 (a). In all cases of doubt the jury shall, in the verdict, fix the value of the property stolen.

"(b) The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is:

(1) From the person; or

(2) Committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57; or

(3) Of any explosive or incendiary device or substance. As used in this section, the phrase 'explosive or incendiary device or substance' shall include . . . .

"(c) The crime of receiving stolen goods knowing them to be stolen in the circumstances described in subsection (b) is a felony, without regard to the value of the property in question."

Under the provisions of G.S. 14-72, quoted above, it is now held:

1. Larceny of property of a value in excess of two hundred dollars is a felony.

2. Larceny from the person is a felony, without regard to the value of the property.

3. Larceny from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57 is a felony, without regard to the value of the property.

4. Larceny of any explosive or incendiary device or substance is a felony.

State v. Benfield

5. Larceny of property of the value of two hundred dollars or less is a misdemeanor unless it is (1) from the person, or (2) from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57, or (3) the property is an explosive or incendiary device or substance.

[3] To convict of felony-larceny, the indictment must allege and the State must prove beyond a reasonable doubt, as an essential element of the crime, that the value of the property exceeded two hundred dollars, or that the larceny was from the person, or that the larceny was from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57, or that the property involved was an explosive or incendiary device or substance.

[4] When the available evidence indicates that the value of the property exceeds two hundred dollars *and also* that the larceny is either (1) from the person, or (2) from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57 or (3) that the property involved is an explosive or incendiary device or substance, the solicitors would do well to incorporate both allegations in the bill of indictment so that if the proof as to one should fail the prosecution can proceed on the other. Too, trial judges should bear in mind that instructions requiring proof beyond a reasonable doubt and *jury findings* as to *all* essential elements thereof are prerequisite to a conviction of felony-larceny.

[2] In view of the foregoing, decisions based on the Act of 1895, including *State v. Bynum, supra,* and *State v. Harris, supra,* and other decisions based thereon, are no longer authoritative. Too, decisions subsequent to the Act of 1913, and at variance with the legal propositions stated herein, for example, *State v. Flynn, supra,* and *State v. Stevens, supra,* to the extent of such variance, are overruled.

For the reasons stated, the verdict, interpreted by this Court as a verdict of guilty of (simple) larceny of forty dollars, will not be disturbed. However, the judgment pronounced thereon is vacated and the cause is remanded to the Court of Appeals which will remand the cause to the Superior Court of Burke County for the pronouncement of a new judgment within the limits provided by G.S. 14-3 (a).

Judgment vacated and cause remanded.