STATE OF NORTH CAROLINA v. RICHARD L. CORPENING

No. 7624SC349

(Filed 3 November 1976)

1. **Larceny § 4— larceny after breaking and entering of property worth more than $200 — charge not duplicitous**
    The second count in a bill of indictment which charged defendant with felonious larceny after a felonious breaking and entering of specified personal property having a value of more than $200 was not duplicitous since it charged only one offense, felonious larceny.

2. **Larceny §§ 4, 8— not guilty of breaking and entering — guilty of larceny of property worth more than $200 — instructions proper**
    In a prosecution of defendant for (1) felonious breaking ·and entering and (2) felonious larceny after such breaking and entering of specified personal property having a value of more than $200 where the jury found defendant not guilty of breaking and entering, it could, under the evidence, still find defendant guilty of felonious larceny on the second count if it found the stolen property had a value of more than $200, and the trial court properly instructed in this regard.

APPEAL by defendant from *Friday, Judge.* Judgment entered 18 September 1975 in Superior Court, WATAUGA County. Heard in the Court of Appeals 2 September 1976.

Defendant was charged by bill of indictment, proper in form, with (1) felonious breaking and entering and (2) felonious larceny after such breaking and entering of specified personal property having a value of more than $200.00. He pled not guilty to both charges.

The State presented evidence to show that on the night of 4 March 1975 dormitory room 348 in East Hall on the campus of Appalachian State University was broken into while the students who occupied that room were absent on quarter break, and that a camera and camera equipment having a fair market value from $300.00 to $380.00 and meal books valued from

$160.00 to $170.00 were taken therefrom without the owner's permission. Edward Blount, an indicted accomplice, testified that he, Michael Scott, and defendant at about 1:30 a.m. on 4 March 1975 went to Room 347 in East Hall, where Blount and Scott roomed; that he stood watch while Scott and defendant broke into Room 348; that all three helped pack the above described property plus other items into dufflebags, which they then carried from the dormitory and loaded into a car owned by defendant's girl friend; and that they then took the stolen articles to defendant's residence.

Defendant testified that on the night of 4 March 1975, at Blount's request, he helped Blount and Scott move some items packed in dufflebags from Blount's room in the dormitory to defendant's residence; that he understood these items belonged to Blount; that he did this because Blount planned to move in with him after the quarter break; and that he did not break into and never entered room 348 and did not know the items were stolen.

The jury found defendant not guilty of breaking or entering but found him guilty of felonious larceny. From judgment imposing a prison sentence of not less than three, nor more than five years, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General John M. Silverstein for the State.*

*West, Groome & Baumberger by Ted G. West for defendant appellant.*

PARKER, Judge.

[1] The second count in the bill of indictment was not, as defendant contends, duplicitous. It charged only one offense, felonious larceny. In *State v. Benfield,* 278 N.C. 199, 179 S.E. 2d 388 (1971), Bobbitt, C.J., speaking for our Supreme Court, said (at p. 209):

"To convict of felony-larceny, the indictment must allege and the State must prove beyond a reasonable doubt, as an essential element of the crime, that the value of the property exceeded two hundred dollars, or that the larceny was from the person, or that the larceny was from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57, or that

the property involved was an explosive or incendiary device or substance.

When the available evidence indicates that the value of the property exceeds two hundred dollars *and also* that the larceny is either (1) from the person, or (2) from a building in violation of G.S. 14-51, 14-53, 14-54 or 14-57 or (3) that the property involved is an explosive or incendiary device or substance, the solicitors would do well to incorporate both allegations in the bill of indictment so that if the proof as to one should fail the prosecution can proceed on the other." (Emphasis added.)

The Solicitor, in drafting the second count in the bill of indictment in the case now before us, has properly followed the recommendation made in *State v. Benfield, supra.*

[2]  By its verdict on the first count, the jury found defendant not guilty of breaking and entering. Under the evidence it could nevertheless find defendant guilty of felonious larceny on the second count if it found the stolen property had a value of more than $200.00. The court properly instructed in this regard when it instructed the jury that if it did not find that the property was taken as result of a felonious breaking or entering, it could not "return a verdict of guilty as to felonious larceny unless you find from the evidence and beyond a reasonable doubt that the property stolen was worth more than two hundred dollars."

Defendant has excepted to the above quoted portion of the charge. He contends that the effect of the charge was to instruct the jury that if it should find that the property was not taken as a result of a felonious breaking or entering, then the jury could find defendant guilty of felonious larceny upon a simple finding that the property was worth more than two hundred dollars. If the quoted portion of the charge is considered by itself, it is, quite obviously, incomplete. The quoted portion of the charge, however, must be considered contextually with the remainder of the charge. When so considered, and when the charge is considered as a whole, we do not believe that the jury could have been misled into finding defendant guilty of felonious larceny upon a finding only that the property had value of more than two hundred dollars. The court, earlier in the charge, had correctly instructed the jury concerning the elements of the crime of larceny, and it is simply inconceivable

that the jury could have found defendant guilty of felonious larceny without having found him guilty of all elements of the crime of larceny. Accordingly, defendant's assignment of error directed to the charge of the court is overruled.

The only remaining assignment of error which defendant has brought forward in his brief is directed to the denial of his motion to set aside the verdict as being against the greater weight of the evidence, or in the alternative, for a new trial. Defendant's motion was addressed to the sound discretion of the trial judge. In the absence of a showing of abuse of discretion, his ruling on the motion is not reviewable on appeal. *State v. Britt*, 285 N.C. 256, 204 S.E. 2d 817 (1974). Although there was sharp conflict between the evidence for the State and the evidence for the defendant, there was ample evidence to support the verdict. No abuse of the trial judge's discretion has been shown.

In defendant's trial and in the judgment appealed from we find,

No error.

Judges BRITT and CLARK concur.